McGREGOR W. SCOTT
United States Attorney
ANGELA L. SCOTT
ANTHONY YIM
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>ARMANDO CABRERA-SANCHEZ,<br><br>         Defendant. | CASE NO. 5:20-MJ-00009-JLT<br><br>STIPULATION FOR EXTENSION OF TIME FOR PRELIMINARY HEARING PURSUANT TO RULE 5.1(d) AND EXCLUSION OF TIME<br><br>DATE: March 30, 2020<br>TIME: 2:00 p.m.<br>COURT: Hon. Erica P. Grosjean |

This case is set for a preliminary hearing on March 30, 2020. On March 16, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

STIPULATION

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following the eruption of Mt. St. Helens. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a preliminary hearing on March 30, 2020.

2. By this stipulation, defendant now moves to continue the preliminary hearing until April 29, 2020, and to exclude time between March 30, 2020, and April 29, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

STIPULATION

a) Counsel for defendant desires additional time to consult with their client, to review the current Complaint, to conduct investigation and research related to the Complaint, to discuss potential resolution with their client, and to otherwise prepare for trial.

b) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c) The government does not object to the continuance.

d) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 30, 2020 to April 29, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

//
//
//

STIPULATION

IT IS SO STIPULATED.

Dated: March 25, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ ANGELA L. SCOTT
ANGELA L. SCOTT
Assistant United States Attorney

/s/ ANTHONY YIM
ANTHONY YIM
Assistant United States Attorney

Dated:  March 25, 2020

/s/ Harry M. Drandell
HARRY M. DRANDELL
Counsel for Defendant
ARMANDO CABRERA-SANCHEZ

STIPLULATION

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>v.<br><br>ARMANDO CABRERA-SANCHEZ,<br><br>                                Defendant. | CASE NO. 5:20-MJ-00009-JLT<br><br>FINDINGS AND ORDER EXTENDING TIME FOR PRELIMINARY HEARING PURSUANT TO RULE 5.1(d) AND EXCLUDING TIME<br><br>DATE: March 30, 2020<br>TIME: 2:00 p.m.<br>COURT: Hon. Erica P. Grosjean |

The Court has read and considered the Stipulation for Extension of Time for Preliminary Hearing Pursuant to Rule 5.1(d) and Exclusion of Time, filed by the parties in this matter on March 25, 2020. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates good cause for an extension of time for the preliminary hearing date pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure.

Furthermore, for the reasons set forth in the parties' stipulation, the Court finds that the interests of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court further finds that the extension of time would not adversely affect the public interest in the prompt disposition of criminal cases.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The date of the preliminary hearing is extended to April 29, 2020, at 2:00 p.m.
2. The time between March 30, 2020, and April 29, 2020, shall be excluded from calculation pursuant to 18 U.S.C. § 3161(h)(7)(A).

\\\

3.  Defendants shall appear at that date and time before the Magistrate Judge on duty.

IT IS SO ORDERED.

Dated: __**March 26, 2020**__        /s/ _Erica P. Grosjean_
                               UNITED STATES MAGISTRATE JUDGE

FINDINGS AND ORDER