McGREGOR W. SCOTT
United States Attorney
ANGELA SCOTT
ANTHONY YIM
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:20-MJ-00009-JLT |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| ARMANDO CABRERA-SANCHEZ, | DATE: April 29, 2020<br>TIME: 2:00 p.m.<br>COURT: Hon. Stanley A. Boone |
| Defendant. | |

This case is set for preliminary hearing on April 29, 20200. On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

1

orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for the preliminary hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1.      By previous order, this matter was set for preliminary hearing on April 29, 2020.

2.      By this stipulation, defendant now moves to continue the preliminary hearing until May 29, 2020, and to exclude time between April 29, 2020, and May 29, 2020, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      Counsel for defendant desires additional time to consult with their client, to review the current Complaint, to conduct investigation and research related to the Complaint, to discuss potential resolution with their client, and to otherwise prepare for trial.

b)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c)      The government does not object to the continuance.

d)      In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 29, 2020 to May 29, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

1     IT IS SO STIPULATED.

2

3

4     Dated:  April 22, 2020                          McGREGOR W. SCOTT
                                                       United States Attorney
5

6                                                       /s/ ANGELA SCOTT
                                                       ANGELA SCOTT
7                                                      Assistant United States Attorney

8                                                       /s/ ANTHONY YIM
                                                       ANTHONY YIM
9                                                      Assistant United States Attorney

10

11    Dated:  April 22, 2020                           /s/ Harry M. Drandell
                                                       Harry M. Drandell
12                                                     Counsel for Defendant
                                                       ARMANDO CABRERA-SANCHEZ
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1  McGREGOR W. SCOTT
   United States Attorney
2  ANGELA L. SCOTT
   ANTHONY YIM
3  Assistant United States Attorneys
   2500 Tulare Street, Suite 4401
4  Fresno, CA 93721
   Telephone: (559) 497-4000
5  Facsimile: (559) 497-4099

6  Attorneys for Plaintiff
   United States of America
7

8             IN THE UNITED STATES DISTRICT COURT

9             EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,            CASE NO. 5:20-MJ-00009-JLT
12                                       FINDINGS AND ORDER
                      Plaintiff,         EXTENDING TIME FOR PRELIMINARY
13                                       HEARING PURSUANT TO RULE 5.1(d) AND
   v.                                    EXCLUDING TIME
14
   ARMANDO CABRERA-SANCHEZ,             DATE: April 29, 2020
15                                       TIME: 2:00 p.m.
                      Defendant.         COURT: Hon. Stanley A. Boone
16

17

18        The Court has read and considered the Stipulation for Extension of Time for Preliminary Hearing

19 Pursuant to Rule 5.1(d) and Exclusion of Time, filed by the parties in this matter on April 22, 2020.

20 The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order,

21 demonstrates good cause for an extension of time for the preliminary hearing date pursuant to Rule

22 5.1(d) of the Federal Rules of Criminal Procedure.

23        Furthermore, for the reasons set forth in the parties' stipulation, the Court finds that the interests

24 of justice served by granting this continuance outweigh the best interests of the public and the defendant

25 in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court further finds that the extension of time would

26 not adversely affect the public interest in the prompt disposition of criminal cases.

27        THEREFORE, FOR GOOD CAUSE SHOWN:

28        1.   The date of the preliminary hearing is extended to May 29, 2020, at 2:00 p.m.

                                          1

2.  The time between April 29, 2020, and May 29, 2020, shall be excluded from calculation pursuant to 18 U.S.C. § 3161(h)(7)(A).

3.  Defendants shall appear at that date and time before the Magistrate Judge on duty.

IT IS SO ORDERED.

Dated:   **April 22, 2020**

_____
UNITED STATES MAGISTRATE JUDGE

2